UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVIN BARNES,

v.  Case No. 8:05-cr-406-T-17EAJ
8:10-cv-1712-T-17EAJ

UNITED STATES OF AMERICA.
_____

## O R D E R

This cause is before the Court on Alvin Barnes' untimely motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion" or "motion to vacate"). (Doc. CV-1; CR-31). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

### BACKGROUND

After entering into a plea agreement with the Government, Barnes pled guilty to Count One of the Indictment charging him with possessing with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Doc. CR-18, Doc. CR-28 at 13-14, 36. Barnes' written plea agreement contained an appeal waiver clause and a factual basis for the charge to which he pled guilty. Doc. CR-18 at 10, 12-13. This Court accepted Barnes' guilty plea and adjudicated him guilty on March 9, 2007. Doc. CR-25.

Based on a total of 37.3 grams of cocaine base, the United States Probation Office calculated Barnes' base offense level at 30 and recommended a three-level decrease for acceptance of responsibility, for a total offense level of 27. Presentence Investigation Report ("PSR") ¶¶ 19-27. However, Barnes' criminal history scored him as a career offender under USSG § 4B1.1 due to a prior State of Florida conviction for the sale of

cocaine (99-CF-5274 and 99-CF-5275) and another conviction for Escape (04-CF-11741). PSR ¶ 28. Barnes' statutory maximum penalty was 40 years imprisonment, his criminal history category VI[1], making his adjusted offense level 31. PSR ¶¶ 28-55, Doc. CR-32 at 4-5. The Probation Office calculated Barnes' guidelines range at 188 to 235 months imprisonment. PSR ¶ 94, Doc. CR-32 at 5.

At sentencing, Barnes did not make any challenges to the facts set forth in the PSR and agreed that they were true. Doc. CR-32 at 4. Counsel made argument based on the factors listed in 18 U.S.C. § 3553 in mitigation of Barnes' career offender enhancement and asked this court to sentence Barnes to 130 months imprisonment, which this Court denied. Id. at 6-8, 12. This Court adopted the facts and guideline calculations in the PSR. Id. at 4. This Court determined a low-end sentence of 188 months imprisonment was appropriate. Id. at 13.

On August 2, 2010, Barnes submitted the instant § 2255 motion. In his § 2255 motion, Barnes claims that the decision in *Begay v. United States*, 553 U.S. 137 (2008), renders him actually innocent of being a career offender because his conviction for "resisting arrest without violence" no longer constitutes a crime of violence. Doc. CV-1 at 4. Barnes' motion, however, lacks merit because the "resisting arrest without violence" was not one of the convictions that was used to enhance his sentence under USSG § 4B1.1. Barnes' sentence was enhanced based on convictions for sale of cocaine (99-CF-5274 and 99-CF-5275), which are counted as one conviction), and an escape conviction (04-CF-11471). Barnes' enhancements were properly applied. He has the requisite two convictions

---

[1] According to USSG § 4B1.1, a career offender's criminal history category in every case shall be Category VI. PSR ¶ 56.

in order to be enhanced pursuant to USSG § 4B1.1.

As part of his § 2255 motion, it appears that Barnes also is seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 706 to the United States Sentencing Guidelines, a retroactive amendment that reduced the base offense levels for crack cocaine offenses that involved less than 4.5 kilograms of crack cocaine.

Barnes is not eligible for a sentence reduction pursuant to section 3582(c)(2) based on Amendment 706 because this Court sentenced Barnes as a career offender pursuant to USSG § 4B1.1, not pursuant to the crack cocaine guideline, USSG §2D1.1; therefore, Amendment 706 would not have the effect of lowering his sentencing range. Barnes, by his own admission, contacted the Federal Public Defender's Office regarding whether or not he qualified for the reduction and was told that he did not, "because Petitioner was sentenced as a career offender[.]" Doc. CV-1 at 2.

### BARNES' 2255 MOTION IS UNTIMELY

In his motion, Barnes seeks relief under 28 U.S.C. § 2255. Barnes' judgment of conviction was docketed June 18, 2007. Doc. CR-27. Barnes is foreclosed from bringing a section 2255 motion due to the restrictions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA's terms, section 2255 establishes a one-year limitations period during which a defendant may file a collateral motion for relief from his conviction and sentence. See 28 U.S.C. § 2255(f). This one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4).

Here, the one-year time limit began to run on the date that the judgment of conviction became final. In this case, this Court entered Barnes' judgment on June 18, 2007. Doc. CR-27. Because Barnes did not directly appeal that judgment, his judgment became final on July 2, 2007, when the time for the filing Barnes' direct appeal had passed. See Fed. R. App. P. 4(b)(1); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). Thus, under section 2255(f)(1), Barnes had until July 2, 2008, to file his section 2255 motion. Barnes, however, waited until August 2, 2010, to file his motion for collateral relief, more than two years past the deadline for the filing of a section 2255 motion. As a result, his section 2255 is untimely.

Barnes argues that his section 2255 motion is timely insofar as he filed it within one year of the Supreme Court's April 16, 2008, decision in *Begay v. United States*, 553 U.S. 137 (2008). [2] The Supreme Court's opinion in *Begay* does not extend the limitations period pursuant to section 2255(f) because the Court did not specifically apply its holdings to cases retroactively on collateral review. See 28 U.S.C. § 2255(f)(3) (extending one-year limitations period from "the date on which the right asserted was initially recognized by the

---

[2] The opinion in *Begay* was issued on April 16, 2008. Barnes filed his 2255 motion on August 2, 2010, more than two years **after** the Begay opinion.

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

A general change in the law does not present extraordinary circumstances that might toll the time for filing a section 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 537-38 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 1443 (2008).

Barnes' section 2255 motion is time-barred unless he can show he was prevented from filing a timely motion because of extraordinary circumstances that were both beyond his control and unavoidable, even with diligence. *See Holland v. Florida*, 130 S.Ct. 2549 (2010); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). A petitioner's pursuit of other remedies, receipt of incorrect information from his attorney, lack of prison legal materials, or even an attorney's own late filing of a section 2255 motion do not establish a basis for equitable tolling. *See Johnson v. Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir.), *cert. denied*, 129 S. Ct. 348 (2008); *United States v. Dodd*, 365 F.3d 1273, 1283 (11th Cir. 2004); *Jones v. United States*, 304 F.3d 1035, 1038-40 (11th Cir. 2002); *Sandvik*, 177 F.3d at 1271-72. Barnes has not alleged, much less shown, specific facts that would satisfy his burden of demonstrating both due diligence and extraordinary circumstances.

**Appeal Waiver**

Furthermore, Barnes waived his right to collaterally attack his sentence in his plea agreement. Barnes entered into a knowing and voluntary plea agreement which states:

> The defendant agrees that this Court has jurisdiction and authority to impose

any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

During the change-of-plea hearing, the Court extensively reviewed with Barnes this waiver provision. Doc. CR-28 at 21-24. Barnes confirmed he understood the rights he was waiving. Id. at 24-25. If this Court did not enforce the terms of the waiver, the Government would lose the benefit of its bargain in the agreement. *See United States v. Bascomb*, 451 F.3d 1292, 1296-97 (11th Cir. 2006) (dismissing appeal based on waiver, and stating, "Defendants and the government alike benefit from the ability to bargain and undermining the enforceability of such bargains harms all parties that use them.").

## Cognizability

Even absent his appeal and collateral attack waiver, Barnes enjoys no benefit from *Begay* because he procedurally defaulted the claim by not timely asserting the claim on appeal. *United States v. Coley*, 336 Fed. App'x 933, 935-36 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 2093 (2010). This is so even though *Begay* had not yet been decided when Barnes was sentenced. *See Coley*, 336 Fed. App'x at 936 ("*Begay* and *Archer* had not yet been decided when Coley was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal -- just as Begay and Archer later did."). Therefore, it is not cognizable on

collateral review under § 2255. *See Lynn v. United States*, 365 F.3d 1225, 1232 n.14 (11th Cir. 2004) ("[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment . . . unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."). Barnes' failure to raise this claim on direct appeal, and his current failure to explain why he did not do so, procedurally defaults his raising it now. Even perceived futility on raising the issue would not constitute cause for not doing so. *Cf. Smith v. Murray,* 477 U.S. 527, 534-35 (1986); *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Turner v. Crosby*, 339 F.3d 1247, 1281 (11th Cir. 2003). Accordingly, Barnes' claim that pursuant to *Begay* his sentence should be set aside and reconsidered without the career offender enhancement is not cognizable in this action because Barnes' status as a career offender "is a non-constitutional issue that [Petitioner] could have raised on direct appeal, it is not cognizable on collateral review under § 2255." *Coley,* 336 Fed. App'x at 936. This is so even though *Begay* had not yet been decided when Barnes was sentenced. *See id.*

In *Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976), the Court stated that "28 U.S.C. § 2255 will not be allowed to do service for an appeal . . . . For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Id.*

**DISCUSSION ON THE MERITS**

Barnes claims that the decision in *Begay v. United States*, 553 U.S. 137 (2008), renders him actually innocent because a conviction for a "charge of resisting arrest" no longer serves as a qualifying conviction as a career offender. Doc. CV-1 at 4. Even if

Barnes' motion were timely, he would not be entitled to relief. Barnes' claim that pursuant to *Begay* his sentence should be vacated because the career offender enhancement was incorrectly applied lacks merit because it is clear that his convictions for sale of cocaine and escape do constitute the requisite crimes of violence to support his enhancement.

The Sentencing Guidelines designates any defendant convicted of a "crime of violence or a controlled substance offense" who also has at least two prior felony convictions of either a crime of violence or a controlled substance offense as a "career offender." § 4B1.1. A great deal, therefore, hangs on the proper characterization of a defendant's past encounters with the law.

A person is a career offender for purposes of section 4B1.1 if he was 18 years old or older when he committed the offense for which he is being sentenced; the offense for which he is being sentenced is either a "crime of violence" or a controlled substance offense; and the defendant has at least two prior felony convictions for a crime of violence or a controlled substance offense. Section 4B1.2(a) defines the term "crime of violence" as "burglary of a dwelling, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." In this case, Barnes claims that his conviction for "resisting arrest without violence" is not a crime of violence and relies on *United States v. Harrison*, 558 F.3D 1280 (11th Cir. 2009) to support his position. Barnes' reliance on *Harrison* is misplaced because *Harrison* involves non-aggravated fleeing or eluding, which is no longer considered a crime of violence.

Barnes, however, was not charged with "fleeing or eluding." He was charged with escape. In *United States v. Proch*, 637 F.3d 1262 (11th Cir. 2011), the Eleventh Circuit held that escape from custody under Florida law is a "violent felony" under the Armed

Career Criminal Act. In 2004, Barnes was charged in Miami-Dade County with unlawful and felonious escape or attempt to escape while being confined in a state prison. . . in violation of § 944.40, Fla. Stat. The *Proch* Court discussed section 944.40 and stated:

> We agree with the conclusions of the other circuits that the predicate crime here involves a crime similar in risk and similar in kind to the enumerated crimes. It involves either an escape from jail or an escape from the immediate custody of an officer transporting the person to or from jail. Escapes from custody, like burglary, will almost always involve the police attempting to apprehend the escapee and are likely to cause "an eruption of violence" upon discovery. *Furqueron*, 605 F.3d at 615. Such an eruption clearly presents a serious potential risk of physical injury. Also like burglary, escape from custody is a stealth crime that involves a high degree of recklessness.FN4 Like burglary, arson, and the use of explosives, escape from custody is purposeful, violent and aggressive because it involves a choice that will almost certainly be responded to with force, and potentially violent force, by the police. We conclude, therefore, that a felon who risks escape from custody is likely to use an illegally possessed firearm in a violent way and that escape from custody is therefore a violent felony under the ACCA. FN5
>
>> FN4. Our decision in *Harrison*, 558 F.3d 1280, is readily distinguishable. There, the Florida statute distinguished between three categories: (1) willful failure to stop a vehicle or willful fleeing after being ordered by an officer to stop; (2) willful fleeing after the police vehicle has activated its lights and siren; and (3) the conduct in category two, aggravated by either the addition of a high speed chase or wanton disregard for the safety of persons or property. Id. at 1291. Thus, the conduct at issue in *Harrison*, category two, expressly excluded recklessness. *Id.* at 1293. Indeed, we concluded that the category two crime "suggest[ed] an unwillingness to engage in violent conduct." *Id.* at 1296. Unlike the conduct at issue in *Harrison,* escaping from the custody of a penal institution or from the immediate custody of an officer while being transported to or from a penal institution will ordinarily involve a high degree of recklessness, and a virtual invitation to violence.

*Proch,* 637 F.3d at 1269.

Barnes claims throughout his motion that his conviction for "resisting arrest without

violence" no longer qualifies as a violent felony. This conviction, however, was not used to enhance him as a career offender. The crime that does enhance him to a career offender is the escape charge. PSR ¶ 50. At the same time Barnes was charged with escape, he was also charged with resisting arrest without violence and with providing a false name to police. See Attachments A, B, C to Doc. 9. Barnes, therefore, has the requisite prior convictions for enhancement as a Career Criminal.[3] So, even if this Court were to examine Barnes' claim on the merits, he would not be entitled to any relief because he possesses the two requisite prior felony convictions for either a crime of violence (the escape) or a controlled substance offense (sale of cocaine) to support the career offender enhancement.

Furthermore, during sentencing, Barnes' attorney stated,

> This was running away from the police car when they were trying to arrest him, I believe is what the escape was. And he was caught shortly thereafter.
>
> It's a situation where the guidelines are calculated correctly. I researched it, and could not find a way around it.

Doc. CR-32 at 6-7.

Barnes has not established any basis for an evidentiary hearing because it is readily apparent that his claim are unavailing; they are untimely, lack cognizability, and are facially insufficient to merit relief.

Accordingly, the Court orders:

That Barnes' 28 U.S.C. § 2255 motion to vacate (Doc. CV-1; CR-31) is denied. The Clerk is directed to enter judgment against Barnes and to close this case.

---

[3] The conviction for Sale of Cocaine (PSR ¶ 42) constitutes the other qualifying conviction for enhancement.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 6, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Kathy J.M. Peluso
Alvin Barnes